## S05Y1032. IN THE MATTER OF GERALD PHILLIP RULEMAN.
### (612 SE2d 307)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendations of the special master with respect to three disciplinary actions filed by the State Bar against Respondent Gerald Phillip Ruleman. In each of the matters, the State Bar filed Formal Complaints with which it personally served Ruleman. Ruleman failed to answer any of the complaints, however, and the facts alleged and violations charged in the complaints thus are deemed admitted,

see Bar Rule 4-212. The special master recommends in each of his reports that Ruleman be disbarred. This Court suspended Ruleman's license to practice law on February 17, 2004, and it remains suspended.

In the first matter, Ruleman agreed to represent a client in a personal injury case in July 2001 and she gave him copies of her medical records and bills. When the client and her daughter were thereafter unable to contact Ruleman and he did not return any of their messages, she terminated his services via certified mail, for which she received the return receipt. Ruleman never returned any of her documents, however, nor did he withdraw from her case. Only days after she filed a grievance with the State Bar, Ruleman filed a complaint on the client's behalf. Ruleman did not respond to the Notice of Investigation in accordance with Bar Rules. Through his conduct, Ruleman violated Rules 1.3, 1.4, and 9.3 of Bar Rule 4-102 (d).

In the second matter, a client hired Ruleman in August 2002 to represent him in a personal injury case. Ruleman failed to return his client's phone calls or correspond with him regarding the case and the client discovered that Ruleman's telephone service had been disconnected. Ruleman did not return the client's file or withdraw from the representation, and did not respond to the Notice of Investigation. In this case, Ruleman violated Rules 1.3, 1.4, 1.16 (a), 1.16 (d), and 9.3 of Bar Rule 4-102 (d).

In the third matter, a client hired Ruleman in July 2001 to domesticate a foreign judgment, but Ruleman never responded to his client's calls or letters, although he signed the return receipt for the certified letter in which the client terminated his services and requested his file. Ruleman did not deliver the documents, nor did he withdraw from the representation; the client subsequently hired another attorney to complete his case. Ruleman failed to respond to the Notice of Investigation in accordance with Bar Rules. In this matter, Ruleman violated Rules 1.3, 1.4, 1.16 (a), 1.16 (d), and 9.3 of Bar Rule 4-102 (d).

Although some of the violations Ruleman has admitted committing, by virtue of his failure to respond, may be punishable by lesser sanctions than disbarment, we agree with the special master that Ruleman should be disbarred. We note in aggravation of discipline Ruleman's multiple offenses, pattern of behavior, and the actual or potential harm to his clients. Accordingly, we hereby order that the name of Gerald Phillip Ruleman be removed from the rolls of attorneys licensed to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 26, 2005.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.